UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARIE MERISIER,

                Plaintiff,

   - against -

KINGS COUNTY HOSPITAL,

               Defendant.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-7088 (RRM) (RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Marie Merisier, proceeding *pro se*, brings this employment discrimination action against her employer, Kings County Hospital. (*See* Compl. (Doc. No. 1).) Her request to proceed *in forma pauperis* is granted solely for the purpose of this Order. For the reasons stated below, Merisier's complaint is dismissed with leave to replead within 30 days of the date of entry of this Order.

## BACKGROUND

      Merisier commenced this action by filing a form complaint for employment discrimination actions and checking the box to initiate an action under Title VII of the Civil Rights Act of 1964. (Compl. at 3.)[1] Merisier checked the boxes indicating discriminatory conduct consisting of unequal terms and conditions of employment and retaliation. (Compl. at 4.) In the section to allege discrimination, she neither

checks any of the boxes nor specifies any basis for discrimination. (Compl. at 5.) In the space to describe the facts of her case, Merisier states: "Since my employment at this agency I have been treated differently from my peers." (Compl. at 6.) She does not indicate how long she was

---

[1] For ease of reference, all pages refer to the Electronic Filing System ("ECF") pagination.

employed with her current employer. She states that she was assaulted by an employee on September 23, 2015, but that the administration penalized her instead of the other employee. (*Id.*) She states: "Administration has continuously . . . tried to defame my character by trying to make me out to be a violent person with these false allegations where there is video footage of everything that has taken place but refuse to provide it because it will show that I'm continuously being bullied/harassed and now assaulted." (*Id.*) Merisier alleges that she filed a complaint with the Division of Human Rights, but that the investigator told her that a decision had been made "based on lack of evidence in support of my claims." (*Id.*) She does not allege that the harassment or disciplinary action were based on her race, color, sex, religion, or national origin.

## DISCUSSION

A complaint filed *in forma pauperis* may be dismissed "at any time" upon determination that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In evaluating whether a pleading states a claim for relief, "a court must accept as true all factual allegations contained in a complaint but need not accept legal conclusions." *Halebian v. Berv*, 590 F.3d 195, 203 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to nudge a plaintiff's claims "across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

*Pro se* complaints, like other pleadings, must contain sufficient factual allegations to meet the plausibility standard. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However,

2

"[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, a court must read a *pro se* complaint with "special solicitude," *Ruotolo v. I.R.S.*, 28 F. 3d 6, 8 (2d Cir. 1994), and must interpret it to raise the strongest claims it suggests. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,474–75 (2d Cir. 2006). Where a liberal reading of the pleading "gives any indication that a valid claim might be stated," the Court must grant leave to amend it at least once. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks omitted).

>Title VII provides in relevant part:
>
>>It shall be an unlawful employment practice for an employer—
>>
>>**(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>>
>>**(2)** to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin

42 U.S.C.A. § 2000e-2(a). In order to state a claim under Title VII, Merisier must establish (1) that she is a member of the protected class, (2) that she was qualified for the position, (3) that she was subject to an adverse employment decision, and (4) that the adverse employment decision was made under circumstances giving rise to an inference of unlawful discrimination. *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001). To state a cause of action for hostile work environment under Title VII, abusive conduct in the workplace must also be related to the plaintiff's membership in a protected class. *Brennan v. Metro. Opera Ass'n*, 192 F.3d 310,

318 (2d Cir. 1999). "Disrespectful, harsh, and unfair treatment in the workplace alone does not state a claim for violation of federal employment law." *Rissman v. Chertoff*, No. 08-CV-7352 (DC), 2008 WL 5191394, at *2 (S.D.N.Y. Dec. 12, 2008).

Merisier's complaint fails to state a claim under Title VII. In the instant complaint, Merisier has not identified herself as a member of a protected class, nor has she presented any facts indicating that she was discriminated against on that basis. The only potentially abusive behavior she reports is that an unidentified employee shoved her and that she faced disciplinary action as a result of the incident. She has not alleged that this treatment was based on her membership in a protected class.

Nothing in Merisier's complaint, as submitted, suggests that the different treatment she has experienced in her employment was related to her membership in a protected class or that she was discriminated against on the basis of such membership. As Merisier has not adequately alleged that she was discriminated against on the basis of her membership in a protected class, the complaint, as filed, fails to state a claim for relief and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In light of Merisier's *pro se* status, the Court grants leave to file an amended complaint. In order to state a claim for employment discrimination pursuant to Title VII, she must allege that she is a member of a protected class and present facts that would support her claim that the harassment she faced was because of membership in that group. Because Merisier already has a complaint alleging racial discrimination in employment that remains pending, any claims asserted in a possible amended complaint in the instant action must not overlap with or duplicate the claims she asserted in her prior complaint.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Merisier is granted leave to file an amended complaint within 30 days from the date of this Order. The new complaint should be captioned as an "Amended Complaint," and bear the same docket number as this Order. Any amended complaint completely replaces the original complaint. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days. Failure to plead sufficient facts in the amended complaint to give rise to a claim will result in dismissal of this action, and, if Merisier fails to file an amended complaint within 30 days, judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to send Merisier a copy of this order, together with a form complaint for employment discrimination actions, and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York  
      October 25, 2017

*Roslynn R. Mauskopf*  
_____  
ROSLYNN R. MAUSKOPF  
United States District Judge